■ In the Matter of JOSEPH HERRANS, Respondent, against CITY OF NEW YORK et al., Appellants.— This appeal involves an application for leave for late filing of a claim against the City of New York. The accident occurred May 5, 1957; on May 8 claimant signed a request to the hospital to furnish his attorney a copy of his medical record; on June 2, the claimant's attorney requested a copy of the police blotter and stated the place of the accident; and a notice of retainer was filed in the Second Department July 3. The statutory period for filing notice of claim (General Municipal Law, § 50-e) expired August 3. The petitioner's affidavit in the proceeding was verified September 28, 1957. There is no substantial proof in the record that the failure to file the notice on time was " by reason of " the fact claimant was " mentally or physically incapacitated " within the terms of the statute. Claimant's affidavit

shows he was released from the hospital May 13 and thereafter was convalescing at home. He swears that he had "severe lapses of memory" so that he could not remember "all the facts" of the accident. His physician merely says that he suffered a lapse of memory "immediately following the accident" and had "intermittent recurrences since" and "intermittent states of confusion". All this is far short of a prima facie showing that in spite of the attorney's knowledge of the site and police report of the accident on June 21, the continued failure to file a claim on time was due to the mental or physical incapacity of claimant. Order reversed on the law and on the facts, with $20 costs and disbursements to the appellants, and the application denied, with $10 costs. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.